IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ANGELA S. MICHAUD,

    Plaintiff,

v.

NANCY A. BERRYHILL,
Acting Commissioner of the Social Security
Administration,

    Defendant.

Civ. No. 6:16-cv-01593-MC

OPINION AND ORDER

MCSHANE, Judge:

    Plaintiff Angela S. Michaud seeks judicial review of a final decision of the Acting Commissioner of the Social Security Administration (Commissioner) denying her application for Supplemental Security Income (SSI). The Commissioner found that Ms. Michaud was not disabled according to the Social Security Act. This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c) (3). Because the Commissioner's decision is based on proper legal standards and supported by substantial evidence, the Commissioner's decision is AFFIRMED.

## PROCEDURAL AND FACTUAL BACKGROUND

    Ms. Michaud filed her SSI application on February 15, 2012, claiming a disability onset date of October 22, 2004. Tr. 20.[1] The claim was denied initially on July 23, 2012, and upon reconsideration on November 26, 2012. Tr. 105-116. A hearing was held before an Administrative Law Judge (ALJ) on June 9, 2014 and on October 31, 2014, the ALJ denied

---

[1] "Tr" refers to the Transcript of Social Security Administrative Record provided by the Commissioner.

1 – OPINION AND ORDER

Plaintiff's claim. Tr. 17-32. The Appeals Council denied Ms. Michaud's request for a review of the ALJ's decision on June 1, 2016, making the ALJ's decision the final decision of the Commissioner. Tr. 1. This appeal followed.

## STANDARD OF REVIEW

The Commissioner's decision will be affirmed if her decision meets all the legal requirements and her legal conclusions are supported by substantial evidence within the record. 42 U.S.C. § 405(g); *Batson v. Comm'r for Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). In determining whether substantial evidence exists, this Court reviews the administrative record as a whole, weighing both the evidence that supports and that which weakens the Commissioner's decision. *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986).

The court may not substitute its judgment for that of the Commissioner's if an analysis of the evidence on the record as a whole can reasonably support either affirming or reversing the commissioner's decision. *Messmer v. Colvin*, 2016 WL 53397278 at *1 (D. Or. Sept.23, 2016). However, a reviewing court can only affirm the Commissioner's decision on grounds that the Commissioner considered when making its decision. *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006).

An error that is harmless is not sufficient to reverse an ALJ's decision. *Stout*, 454 F.3d at 1055–56. "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

The ALJ is not required to discuss all the evidence presented, but must explain why any evidence of significant probative value has been rejected. *Stark v. Shalala*, 886 F. Supp. 733, 735 (D. Or. 1995).

## **DISCUSSION**

According to the Social Security Act, a person is disabled if she is unable to perform substantial gainful activity (SGA) due to a physical or mental impairment that is medically determinable. 42 U.S.C. § 423(d)(1)(A). The impairment must be such that it is expected to result in death, or an impairment that has lasted or could last for a continuous period of not less than 12 months. *Id*. When determining whether an individual is disabled, the Social Security Administration applies a five step sequential evaluation process. 20 C.F.R. § 416.920. The burden of proof for the first four steps lies with the claimant and if she meets her burden at each of those steps, the burden of proof shifts to the Commissioner at step five. *Id.*

Here, at step one, the ALJ determined that Ms. Michaud did not engage in any SGA since February 9, 2012, her disability onset date. Tr. 537. At step two, the ALJ concluded that Ms. Michaud's gastro esophageal reflux disease (GERD), mild degenerative disc disease and degenerative joint disease of the lumbar spine, chronic pain disorder, and fibromyalgia were severe. *Id.* Furthermore, the ALJ decided that Ms. Michaud's alleged mental impairments (migraines, somatic symptom disorder and anxiety) and her physical conditions of Barrett's esophagus, status post Nissan fundoplication, reactive airway disease, chronic pelvic pain, status post bilateral salpingooophrectomy for endometriosos and lysis of adhesions, and intestinal metaplasia were not severe.

At step three, the ALJ found that none of Ms. Michaud's impairments individually or combined met or medically equaled the impairments listed in 20 C.F.R. Part 404, Subpart P,

3 – OPINION AND ORDER

Appendix 1. Subsequently, the ALJ found that Ms. Michaud had the residual function capacity (RFC) to perform a range of light work activity. In calculating her RFC, the ALJ considered that Ms. Michaud could lift twenty pounds occasionally and ten pounds frequently, she was capable of sitting or walking for six hours of an eight hour workday, as well as always carrying out simple instructions and complex instructions occasionally. Tr. 539. However, the ALJ found that she should neither climb ladders, ropes, or scaffolds, nor be exposed to workplace hazards such as unprotected heights or large moving equipment. *Id.*

At step four, after consultation with a vocational expert (VE) the ALJ determined that Ms. Michaud is capable of performing her past relevant jobs as a front desk reception clerk (sedentary), bill collector (light) and health club sales person (light), which were all semi-skilled in character. Tr. 542–543. In the alternative, the ALJ completed a step 5 evaluation and found that Ms. Michaud could perform other jobs that exist in significant numbers in the economy, including an electric worker and electric assembler. Tr. 544.

Ms. Michaud argues that the ALJ's decision to deny her SSI claim was erroneous as a matter of law and was not based on substantial evidence for a number of reasons. Pl.'s Opening Br. 2, ECF No. 13. Ms. Michaud contends that the ALJ: failed to provide clear and convincing reasons for rejecting her subjective testimony about her symptoms; improperly weighed the opinion of her examining doctor, Dr. David Truhn: failed to include her mental impairments at step two and four of the sequential analysis; and wrongfully found that she retained the ability to perform her past relevant work or any other work in the national economy. *Id.*

**I. Clear and convincing reasons for discounting Ms. Michaud's testimony of her symptoms**

An ALJ's evaluation of a claimant's testimony of the limiting effects and severity of her symptoms involves a two step analysis. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir.

4 – OPINION AND ORDER

2007). First, the ALJ must determine whether the claimant has produced objective medical evidence to demonstrate that her underlying impairment could reasonably be expected to cause the symptoms alleged. *Id.* If objective evidence exists, the ALJ can only reject the claimant's testimony if the record as a whole contains clear and convincing reasons for doing so. *Id.* When deciding what weight to give to the claimant's testimony regarding her symptoms, the ALJ may consider other evidence within the record including: claimant's prior work record, daily activities, testimony to medical providers, and attitude towards treatment; medical source opinions; and the limiting effects of the symptoms. *Messmer,* 2016 WL 53397278 at * 3; *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).

Here, although the ALJ determined that Ms. Michaud's underlying impairments could reasonably cause some of her alleged symptoms, the ALJ also found that some of Ms. Michaud's statements regarding her symptoms were not entirely credible. Tr. 540.

Upon review, I find that the ALJ articulated clear and convincing reasons for discounting some of Ms. Michaud's testimony regarding her symptoms of alleged disability. The ALJ, after examining Ms. Michaud's attitude towards her prior jobs, earnings summary and history of financial dependence, found that Ms. Michaud had a questionable relationship towards work. Tr. 540. Additionally, the ALJ found Ms. Michaud's activities of daily living to be inconsistent with her subjective report on the limiting effect of her symptoms. She went grocery shopping by herself, drove her kids for drinks regularly, and walked her puppy an average of three times a week. *Id.* Ms. Michaud also testified that her hands were physically fine and she could independently bathe and dress herself daily. Furthermore, the ALJ was gave little weight to Ms. Michaud's complaints of gastrointestinal symptoms, noting that expert examinations have been essentially negative and any bleeding problem had been stabilized.

5 – OPINION AND ORDER

With respect to Ms. Michaud's alleged mental impairments, the ALJ found her testimony largely inconsistent with other evidence in the record. Tr. 538. Ms. Michaud claimed to be socially anxious, yet admitted that she could be described as a "happy" person who cracks a lot of jokes and had never been fired or laid off from a job because of problems with other people. Ms. Michaud testified that she did not feel depressed, had not effectively sought treatment for her mental impairments, and did not provide any acceptable reasons for not doing so. Tr. 542, 68. Ms. Michaud's failure to seek treatment, as well as conflicting testimony from her long-time treating physician about her mental symptoms are clear and convincing reasons for the ALJ to "cast doubt" on her testimony. *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989).

Accordingly, the ALJ provided clear and convincing reasons for discounting Ms. Michaud's subjective testimony about her symptoms of alleged disability. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1160 (9th Cir. 2008).

## II. Weighing of Dr. Truhn's opinion as the psychological examiner

Ms. Michaud argues that the ALJ erroneously gave Dr. Truhn's opinion limited weight. Pl.'s Opening Br. 12, ECF No. 13. The ALJ has a duty to resolve any conflicts or ambiguities that exist within the medical evidence. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). The ALJ must explain the reasons considered in weighing the opinions of all acceptable medical sources. 20 C.F.R. § 416.927(c)(2). It is permissible for the ALJ to reject contradicted medical opinions by providing "specific and legitimate" reasons, supported by substantial evidence that permit such a rejection. *Morgan*, 169 F.3d 595 at 600.

Ms. Michaud argues that the ALJ erred by considering the fact that Dr. Truhn was solicited by Ms. Michaud's attorney, with the intention of supporting her claim. Pl's. Opening Br. 12, ECF No. 13. It is true that the mere fact that a medical report was solicited by the

6 – OPINION AND ORDER

claimant's counsel is not sufficient to award a medical opinion limited weight. *Reddick v. Chater*, 157 F.3d 715, 726 (9th Cir. 1998). However, the presence of other evidence undermining the credibility of a medical opinion solicited by the claimant's counsel forms a legitimate basis for evaluating the reliability of the opinion. *Id.*

Here, in addition to the alleged bias surrounding Dr. Truhn's solicitation, the ALJ found that Ms. Michaud had never reported any anxiety issues to any of her primary care providers, some of whom she had a relationship with for more than three years. Tr. 542. Furthermore, the ALJ considered the fact that Dr. Truhn had only examined Ms. Michaud for a very limited time. *Id.* This is a specific and legitimate reason for giving Dr. Truhn's opinion limited weight. 20 C.F.R. § 416.927(c)(2)(1)(6).

Ms. Michaud also argues that because the ALJ did not deem Dr. Truhn qualified to comment on Ms. Michaud's pain resulting from a somatic symptom disorder, the ALJ consequently erred in awarding limited weight to Dr. Truhn's medical opinion. Pl's. Opening Br. 14, ECF No. 13. Because somatic symptom disorder is a psychological condition, the ALJ erred by stating that Dr. Truhn was not qualified to make a diagnosis concerning the pain suffered from the disorder. However, the ALJ's error is harmless considering that she made the statement specifically about Ms. Michaud's pain, after having already fully accounted for Ms. Michaud's pain within the context of the record. 20 C.F.R. § 416.927(c)(4),929(c)(4). Because the ALJ considered the limiting effects of all of Ms. Michaud's pain (including the pain caused from her alleged mental impairments) in assessing Ms. Michaud's RFC, her statement about Dr. Truhn's qualification was non-prejudicial to Ms. Michaud. *Stout*, 454 F.3d at 1055. Accordingly, but for a harmless error, the ALJ provided specific and legitimate reasons, supported by substantial evidence, for giving Dr. Truhn's opinion limited weight. *Batson*, 359 F.3d at 1197-1198.

### III. Ms. Michaud's mental impairments were included in step two and four of the analysis

Ms. Michaud argues that the ALJ erred by not including her mental impairments in step two and four of the sequential disability analysis. Pl.'s Opening. Br. 18, ECF No. 13. At step two, the ALJ must determine the severity of the claimant's medical impairments, which include her mental impairments. *Keyser v. Comm'r of Soc. Sec. Admin.*,648 F.3d 721,725(9th Cir. 2011). In making this severity determination, the ALJ is required to first establish the existence of a medically determinable mental impairment using a Psychiatric Review Technique (PRT), 20 C.F.R. § 416.920a (b). Subsequently, the ALJ must rate the degree of limitation for four functional areas (activities of daily living; social functioning; concentration, persistence or pace; and episodes of decompensation). 20 C.F.R. § 416.920a (c). The ALJ shall then determine the severity of the mental impairment based in part on the degree of functional limitation. 20 C.F.R. § 416.920a (d). So long as the ALJ rates the limitations caused by the mental impairments for the four functional areas, the ALJ need not document the considerations underlying its findings. *Hoopai v.* Astrue, 499 F.3d 1071, 1077 (9th Cir. 2007).

Here, the ALJ found that none of Ms. Michaud's medically determinable mental impairments were severe. Tr. 528. This was because they caused no more than a "mild" limitation in any of the first three functional areas and she had suffered no episodes of decompensation for an extended duration in the fourth area. *Id.* The ALJ based her findings on evidence demonstrating that Ms. Michaud could independently manage her hygiene on a daily basis with no special help, and exhibited normal behavior, judgment, and thought content. *Id.* A report from a psychological examiner also showed that Ms. Michaud's full IQ score, mathematical and concentration levels, all fell within the average length of abilities. *Id.*

Therefore, the ALJ did not err in concluding that Ms. Michaud's mental impairments were non-severe.

Ms. Michaud also argues that the ALJ erred by not including the limitations caused by her alleged mental impairments in the r RFC assessment. Pl.'s Opening Br. 19, ECF No. 13. A RFC is the most a person can still do in a work setting on a regular and continuing basis (eight hours a day and five days a week). 20 C.F.R. § 404.945(a)(1). It must incorporate all the relevant evidence within the case record. 20 C.F.R. § 404.945. When doing an RFC assessment, emphasis should be placed on the functional limitations resulting from the medical impairments and not the impairments themselves. SSR 96-8p 1996 WL 374184, at * 6. However, only limitations based on substantial evidence from the record must be included in the RFC assessment. *Osenbrook v. Apfel*, 240 F.3d 1157, 1164-67(9th Cir. 2001). The ALJ found that Ms. Michaud had the RFC to perform a reduced range of light work, subject to some restrictions. Tr. 542. The ALJ restricted Ms. Michaud to stand and/or walk for about six hours in an eight hour workday and to sit for more than six hours of a similar workday with normal breaks. Additional restrictions included climbing ladders or ropes, kneeling and crawling. Tr. 541, 90. The ALJ did not err in assessing Ms. Michaud's RFC assessment because the ALJ, with the assistance of a vocational expert, included all of Ms. Michaud's credible limitations from the entire record into her hypotheticals. *Valentine v. Comm'r of Social Sec. Admin.*, 574 F.3d 685, 690–695(9th Cir. 2009). Accordingly, the ALJ did not err in step two or four of the sequential analysis.

## IV. Ms. Michaud's ability to perform past relevant work

Ms. Michaud argues that the ALJ incorrectly found that she could perform her past relevant work as a front desk reception clerk, bill collector, and health club sales person. Pl.'s Opening Br.19, ECF No. 13. When making such a determination, the ALJ must compare the

9 – OPINION AND ORDER

claimant's RFC with the physical and mental demands of the relevant job, relying on the Dictionary of Occupational Titles (DOT). 20 C.F.R. §§ 416.920(f), 416.960(b). The ALJ may also seek an opinion from a vocational expert when making the decision. 20 C.F.R. §416.960(b).

Here, the ALJ found that Ms. Michaud was capable of performing her past relevant work, as described by the DOT. Tr. 543. The ALJ compared Ms. Michaud's RFC with the physical and mental demands of her past relevant jobs, and accepted the credible testimony of the vocational expert. Tr. 70-74. Because the ALJ did not err in forming the RFC, this Court need not discuss the ALJ's step five analysis. 20 C.F.R. § 416.920(a)(4)(iv).

## **CONCLUSION**

Because the Commissioner's decision is based on proper legal standards and supported by substantial evidence in the record, the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

DATED this 11th day of October, 2017.

_____/s/Michael J. McShane_____
Michael J. McShane
United States District Judge